IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ROCHELLE RUNDELL-PRINCEHOUSE,

                Plaintiff,

                v.

COMMISSIONER of Social Security,

                Defendant.

Case No. 1:10-cv-00988-CL

**ORDER**

CLARKE, Magistrate Judge.

This matter comes before the Court on the stipulation of the parties (#30) that plaintiff be awarded attorney fees (#28) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

On August 19, 2010, plaintiff filed a Complaint (#1) in this court seeking judicial review of a final decision of the Commissioner of the Social Security Commission denying her application for Disability Insurance Benefits ("DIB") benefits under Title II of the Social Security Act. On January 31, 2012, Judge Panner adopted (#26) this court's recommendation (#23) that the Commissioner's decision be reversed and remanded for the immediate calculation and award of benefits and entered judgment (#27) for the plaintiff.

//

## LEGAL STANDARDS

To award attorney's fees under the EAJA, the Court must determine (1) that the claimant is a "prevailing party"; (2) that the government has not met its burden of showing that its position was "substantially justified" or that special circumstances make an award unjust; and (3) that the requested fees and costs are reasonable. *See* Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002); 28 U.S.C. § 2412(d)(1)(A). "[A]n applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether [she] later succeeds in obtaining the requested benefits." Flores v. Shalala, 49 F.3d 562, 568 (9th Cir. 1995). An EAJA fee award must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *See* Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998) (applying Hensley to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See* Hensley, 461 U.S. at 433; Atkins, 154 F.3d at 988.

## DISCUSSION

It is undisputed that plaintiff is a prevailing party. The Commissioner has conceded that its position in denying her benefits application was not "substantially justified," as demonstrated by the stipulation to remand an award of attorney fees. Plaintiff's counsel has provided an accounting of time expended on plaintiff's case. These records show that attorney Betsy Stephens expended a total of 18 hours working on plaintiff's case in the year 2011, and that attorney Tim Wilborn expended the following hours working on plaintiff's case: 6 hours in 2010,

7.8 hours in 2011, and 3.4 hours in 2012, for a total of 17.2 hours. At the asserted hourly rate of $175.06 per hour in 2010, $180.59 per hour in 2011, and $182.97 per hour in 2012, this amounts to $1,050.36 for 2010, $4,659.22 for 2011[1], and $622.09 in 2012, and a grand total of $6,331.67 in attorneys fees. The parties have stipulated (#30) to an attorney fee award in the amount of $6,331.67. The court finds that the hours worked, hourly rates, and stipulated attorney fee are reasonable. Therefore,

IT IS ORDERED that plaintiff's application for attorney fees (#28) is granted and plaintiff is awarded attorney's fees under the EAJA in the amount of $6,331.67 pursuant to the parties' stipulation (#30). Unless it is determined that plaintiff owes a federal debt, the government shall be made payable to plaintiff and delivered to plaintiff's counsel. *See* Astrue v. Ratliff, -- U.S. --, 130 S.Ct. 2521 (2010). Plaintiff has not filed an assignment of EAJA fees. Should plaintiff provide a signed assignment requesting that the attorney fee awarded under the EAJA be paid directly to his counsel, the government shall accept the assignment and pay the EAJA attorney fee directly to plaintiff's counsel. Id.

IT IS SO ORDERED.

DATED this _____ day of April, 2012.

_____
MARK D. CLARKE
United States Magistrate Judge

---

[1] The court notes that plaintiff's motion for attorney fees shows 26.8 hours of work in 2011, one hour more than the 25.8 hours shown by the time records submitted. This appears to be a typographical error, as the amount of attorney fees claimed for 2011 is $4,659.22, which, at an hourly rate of $18.59, works out to 25.8 hours.