IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**ROCHELLE RUNDELL-PRINCEHOUSE**,    Case No. 1:10-cv-00988-CL

Plaintiff,    **REPORT AND RECOMMENDATION**

v.

**MICHAEL J. ASTRUE**,
Commissioner of Social Security

Defendant.

CLARKE, Magistrate Judge:

On October 31, 2011, this Court issued its Findings and Recommendation (ECF # 23) which

was later adopted by an Order by Judge Owen M. Panner (ECF # 26). Pursuant to the Order, the

Commissioner's decision not to award plaintiff Rochelle Rundell-Princehouse disability benefits

under Title II of the Social Security Act was reversed and remanded for a finding of disabled and

immediate calculation and award of benefits. Plaintiff next moved for an award of fees pursuant to

the Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412) (ECF # 28), which this court granted

(ECF # 32). Plaintiff now moves for attorney fees under 42 U.S.C. § 406(b) (ECF # 36). Defendant

REPORT AND RECOMMENDATION - 1

responds that it has no objection to plaintiff's motion and will defer to the court's assessment (ECF

# 37). Regardless of whether defendant objects, a motion for fees under § 406(b) requires the court

to determine and award reasonable fees based on the framework established in Gisbrecht v. Barnhart,

535 U.S. 789 (2002).

## I. Legal Standard and Controlling Precedent

The primary legal standard at issue here is § 406(b), which governs contingent fee awards

in Social Security cases, and provides, in relevant part:

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this title who was
> represented before the court by an attorney, the court may determine and allow as part of its
> judgment a reasonable fee for such representation, not in excess of 25 percent of the total of
> the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

Two leading cases control the application of the standard. In *Gisbrecht*, the Supreme Court

granted certiorari in order to settle a Circuit split on the appropriate method of calculating fees under

§ 406(b). Id. at 802. The *Gisbrecht* decision reversed three consolidated Ninth Circuit cases which

applied the lodestar method to determine reasonable attorney fees under § 406(b) rather than giving

primacy to the contingent fee agreements that the claimants had entered into with their attorneys at

the outset of those cases.[1] Id. at 797. The Court held that § 406(b) did not displace or override the

contingent fee agreements; instead the Court maintained that lower courts must review fees yielded

by contingent agreements for reasonableness. Id. at 808-809. Thus, while the lodestar method of

---

[1] As background, the Court in *Gisbrecht* explained that in Social Security cases, most
contingent-fee agreements include a provision allowing for up to 25 percent of the past-due
benefits awarded, per § 406(b), for cases that proceed to federal court. The *Gisbrecht* Court also
made the pertinent observations that the real parties in interest in these fee cases are not the
claimants but their lawyers, and that the Commissioner of Social Security is to play the role of
trustee for the claimants. Id. at 798 n.6.

REPORT AND RECOMMENDATION - 2

multiplying a reasonable hourly rate by the number of hours reasonably worked on a case is appropriate when attorneys fees are shifted from the winning to the losing party, the better rule in evaluating the reasonableness of the fees as arranged between a claimant and her attorney is the approach taken in *Gisbrecht*. Under *Gisbrecht*, a claimant must first show that the fee sought is reasonable for the services rendered. Id. at 807. Second, the court independently reviews the showing to ensure that the fee is indeed reasonable and within the 25 percent ceiling mandated by statute.[2] Id.

Interpreting *Gisbrecht*, the Ninth Circuit subsequently explained that "the district court has an affirmative duty to assure the reasonableness of the fee," and that the reasonableness determination should begin with the fee agreement, at which point "the question is whether the amount need be reduced, not whether the loadstar amount should be enhanced." Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009). A contingent-fee award should be analyzed on a case-by-case basis, and the fee award may be reduced by the following four factors.

>1. Quality/Character of Attorney performance: whether substandard performance in representation of a claimant warrants a reduction in fees.

>2. Results Achieved: not merely winning benefits for client, but whether counsel's efforts made a "meaningful and material contribution towards the results achieved[.]" Dunnigan, 2009 WL 6067058, at *11.

>3. Dilatoriness: whether claimant's attorney caused excessive delays in litigation.

>4. Proportionality of Benefits Awarded to Attorney Time Expended: whether benefits obtained are in proportion to the time expended on the case.

---

[2]While the twenty-five percent award exists in the statute and in most fee agreements, it is important to keep in mind that "a twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed amount.'" Dunnigan v. Astrue, No. 3:07-cv-1645-AC, 2009 WL 6067058, at *6 (D.Or. Dec. 23, 2009) (quoting Gisbrecht, 535 U.S. at 807.)

REPORT AND RECOMMENDATION - 3

See Crawford, 586 F.3d at 1151-1153.

## II. Discussion

### A. The Agreement and Fees Requested

In this case, the fee arrangement between plaintiff and plaintiff's counsel contained the boilerplate provision that "if it is necessary to appeal this case to federal court, the attorneys' fee for representation shall be . . . twenty-five percent of the past-due benefits." (Redacted Contract, ECF # 36-1.) Accordingly, plaintiff's attorney requests fees in the amount of $35,200.00, which he represents is roughly 21.39% of the retroactive benefits awarded. Based on the Redacted Award Letters submitted in this case (ECF # 34-1), plaintiff was awarded retroactive benefits of $164,554.00. The maximum fee allowed under the § 406(b) ceiling of 25 percent for this benefit award amount is $41,138.50, which is almost $5,938.50 more than the requested fee. Thus, the attorney fee requested herein is within the statutory limit under § 406(b).

### B. Claimant's Showing

Plaintiff (real party in interest: plaintiff's counsel) presented a detailed analysis in his brief in order to justify his requested fee. Mem. in Supp. of Pl.'s Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Pl.'s Mem.) at 3-9, ECF # 36. In summary, counsel opined this case was "at least an average risk, if not more risky than average," that he was not requesting the maximum fee allowed under the statute, that he provided excellent performance and the desired result, and that he did not engage in unreasonable delay. Further, applying figures from the Oregon State Bar 2008 Litigation Section Hourly Rate Survey[3] for average non-contingent billing rates for Oregon litigators ($260.00) and his own non-contingent

---

[3]http://www.osbar.org/surveys_research/08hourlyratesurvey (last visited August 7, 2012).

REPORT AND RECOMMENDATION - 4

rate ($375.00) to a contingency multiplier of 3.37 (based on 100% divided by "29.68% of all

court cases ultimately resulting in awards benefits"),[4] counsel arrived at a rate range of $943.60

to $1,263.75. Pl.'s Mem. at 3-5. His analysis also explained that 35.2 hours were reasonably

expended on this case, and compared his requested hourly rate to hourly rates allowed in the

consolidated *Crawford* cases, as well as comparable fee rates awarded to counsel in other District

of Oregon cases. Id. at 6-8. It is now the affirmative duty of the Court to determine if the

requested fees are indeed reasonable. Crawford, 586 F.3d at 1149.

## C. Reasonableness

### 1. Quality/Character of Representation

Substandard performance may warrant a fee reduction. Crawford, 586 F.3d at 1151.

Substandard representation may include poor preparation for hearings, failure to meet briefing

deadlines, submission of documents to the court that are void of legal citations, and overbilling.

See Dunnigan, 2009 WL 6067058, at *11 (citing Lewis v. Sec. of Health and Human Servs., 707

F.2d 246 (6th Cir. 1983)). There is no evidence of substandard representation in this record, so

no reduction is warranted based upon this factor.

### 2. The Results Achieved

Counsel was successful in winning a remand for immediate benefits for claimant in this

case, which was the best possible outcome. In some of counsel's prior cases in this district, the

"results achieved" factor weighed in favor of a decreased fee award when the Commissioner

---

[4]Claimant derived the 29.68% from a NOSSCR (National Organization of Social Security
Claimants' Representatives) Social Security Forum document entitled "Fiscal Year 2011
Workload Data: Disability Appeals." (NOSSCR 2011 win/loss statistics, Attachment # 3, ECF
#34.)

REPORT AND RECOMMENDATION - 5

stipulated to a remand or did not vigorously defend the ALJ's decision, or where counsel was not required to expend time and energy to defend or object to a court's findings and recommendation because it was favorable to the plaintiff. See, e.g., Baugh v. Astrue, No. 3:08-cv-01237-HU, 2011 WL 4738196, at *5 (D.Or. Sept. 12, 2011); Dunnigan, 2009 WL 6067058, at *11.  In this case, counsel prepared a 27-page opening brief (ECF # 18), which the Commissioner vigorously disputed with a 16-page response (ECF # 21).  Counsel then responded with a seven-page reply brief (ECF # 22).  There were numerous arguments made in the briefings, although generally on fairly routine issues and points of law.  Many, but not all, of counsel's arguments were adopted in my Findings and Recommendation, which concluded that the ALJ's decision was not based on proper legal standards or substantial evidence in the record (ECF # 23).  Defendant did not object to the Findings and Recommendations, and it was adopted in full by Judge Panner (ECF # 26). Counsel's efforts clearly made a meaningful and material contribution to the success of this claim.  Therefore, considering the nature and quality of the work, and the results obtained herein, a further reduction from the requested 21.39% is unwarranted.

**3. Dilatoriness**

The rationale for the dilatoriness factor is to avoid a situation where an attorney inappropriately delays proceedings in order to profit from the accumulation of back-benefits incurred while the case is pending. See Gisbrecht, 535 U.S. at 808.  Here, counsel filed for an extension to proceed *in forma pauperis* (ECF # 2), and two unopposed motions for extensions to file plaintiff's opening brief (ECF # 12, 15).  The Court granted all of the above motions without issue, and does not now view these motions as exceptionally dilatory in nature. Therefore, no reduction in the fee is warranted under this factor.

REPORT AND RECOMMENDATION - 6

**4. Proportionality of Benefits Awarded to Attorney Time Expended**

The final factor is where most of the action takes place in these cases – the rationale is

that an attorney should not receive a windfall if little time was expended in obtaining a very large

benefit award. Gilbrecht, 535 U.S. at 808. To aid a court's assessment of the reasonableness of

the fee yielded by the agreement, a court may require that counsel submit "a record of hours

spent representing the claimant and a statement of the lawyer's normal hourly billing charge for

noncontingent-fee cases." Id. A court may also consider the lodestar fee calculation as an aid in

assessing reasonableness. Crawford, 586 U.S. at 1151 (citing Gilbrecht, 585 U.S. at 808).

In support of his request for EAJA fees, counsel submitted time records indicating that

his firm spent 35.2 hours on this case (17.2 hours for attorney Tim Wilborn and 18.0 hours for

attorney Betsy Stephens). (ECF # 29-1.) In the order awarding the requested EAJA fees, this

court found the time expended on this case to be reasonable (ECF # 32). Moreover, 35.2 hours is

within the "consensus" 20-40 hour reasonable range for Social Security cases of average

complexity. Harden v. Commissioner, 497 F.Supp.2d. 1214, 1215-1216 (D.Or. 2007). Here,

counsel voluntarily dropped his requested fee to 21.39% of claimant's past-due benefits, which

amounts to $1,000 per hour. Pl.'s Mem. at 5. Further, counsel submits that his own non-

contingent hourly rate is $375 per hour. Id. at 4. Therefore, as an aid to determining

reasonableness, the lodestar rate for this case would be approximately $13,200.

Many courts have used the lodestar rates to compare and contrast Social Security cases of

varying complexity to determine if the rate requested comported to retroactive benefits in

determining fees under §406(b). As counsel is correct to point out, courts have occasionally

awarded attorneys what amounted to fee rates approaching and in excess of $1,000. See, e.g.,

REPORT AND RECOMMENDATION - 7

Breedlove v. Astrue, No. 3:07-cv-01743-AC, 2011 WL 2531261 (D.Or. Mar. 16, 2011)

(awarding an fees totaling effective rate of $1,041.84).  At the same time, courts have regularly

decreased the fee award when the fee was found to be disproportionate to the number of hours

expended and difficulty of the case.  See, e.g., Caldwell v. Comm'r Soc. Sec. Admin., No. 3:10-

cv-6039-ST, WL 1684606, at *3 (D.Or. May 14, 2012) (decreasing fee award to 14% of

retroactive benefits from the requested 22%, resulting in an effective rate of approximately

$429.00).  However, as noted in several cases in this district:

> [t]he problem with comparing effective hourly rates in different cases is that the higher
> the benefits awarded and the fewer hours incurred, the higher the effective hourly rate.  In
> other words, the effective hourly rate is directly related to the amount of past due benefits
> awarded[,] *which bears no relationship* to the amount of work necessary or reasonable to
> obtain that result.

Clester v. Comm'r of Soc. Sec., No. 3:09-cv-765-ST, 2011 WL 344036, at *4 (D.Or. Jan. 7,

2011) (emphasis added).  Because the amount of past due benefits awarded bears no relationship

to the time an attorney expends on a case, comparing hourly rates across cases is often a

misleading exercise.

The better approach is to focus on the primary burden for an attorney to carry under this

factor: to show that the desired fee is reasonable based on the facts of the particular case.

Crawford, 586 F.3d at 1152 (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2nd Cir. 1990)).  In

*Breedlove*, for example, the court noted that counsel assessed the specific risks involved with

representing the particular plaintiff in that matter, including the claimant's relatively young age,

that the claim rested primarily on subjective complaints about the intensity and effects of pain,

the counsel accepted representation without the benefit of a full review of the transcript, and that

the case was remanded to the Office of Disability Adjudication and Review, which "counsel

REPORT AND RECOMMENDATION - 8

contends commonly denies benefits to claimants on remand." Breedlove, 2011 WL 2531174, at

*6. On the other hand, where an attorney has failed to assess the specific risks of taking a

particular case, courts in this district have conducted an independent evaluation of the specific

risks (see, e.g., Carlson v. Astrue, No. 3:08-cv-1202-ST, 2010 WL 2813427, at *4 (D.Or. July

15, 2010); Pennington v. Comm'r of Soc. Sec., No. 3:07-cv-1816-ST, 2010 WL 3491522, at *5

(D.Or. July 29, 2010)), or simply opted to decrease the fee award under this factor (see, e.g.,

Oerding v. Astrue, No. 3:08-cv-633-PK, 2010 WL 4116570, at *4 (D.Or. Oct. 18, 2010), aff'd,

467 F.App'x. 643 (9th Cir. 2012)). Further, where the requested fee is a very small percentage of

the retroactive benefits, courts have been willing to award fees with little regard for the specific

risks involved in a case. Deinlein v. Astrue, No. 3:10-cv-118-HU, 2012 WL 2813866, at *4

(D.Or. June 5, 2012) (attorney requested only 4% of past-due benefits). In addition, although

*Crawford* requires counsel to address specific risks of accepting a certain case, the court notes

that counsel is not foreclosed from also discussing the general risks of accepting Social Security

claimants.[5] See Breedlove, 2011 WL 2531174, at *7.

In making his case for attorney fees in the instant motion, counsel presented a thorough

argument detailing the general risks involved in representing Social Security claimants,

discussing the need for multipliers in establishing fees for contingency cases, and comparing the

fee rate requested herein to fee rates awarded in some of counsel's prior cases. Pl.'s Mem. at 4-

8.[6] In contrast, counsel mentioned only a few cursory references to the specific risks of taking

---

[5]In *Crawford*, the Ninth Circuit discussed the general risks of Social Security practice,
which include significant risks of protracted litigation, multiple remands and appeals, and the
possibility of nonpayment. Crawford, 586 F.3d at 1149-52.

this case. Counsel reported that according to his intake notes, the case presented "a tough factually intensive appeal." Id. at 3, 7. Counsel also opined in his brief that "this case was at least an average risk case, if not more risky than average." Id. at 3. Counsel further noted that "the OGC [Office of the General Counsel of Social Security] attorney did not stipulate to a remand without even the necessity of Plaintiff filing an opening brief," and "the OGC attorney filed extensive arguments maintaining that the agency's decision was proper." Id. at 7. Finally, counsel attributed to this case, without specificity, the general concerns of taking a Social Security client, including a high risk of loss and delay, and possible nonpayment. Id. at 3.

A survey of the issues presented in plaintiff's case reveal that they are neither novel nor especially complex. Plaintiff argued that the ALJ erred in the credibility assessment of plaintiff's symptom testimony; erred in assessing lay witness testimony; failed to find all of plaintiff's severe impairments at step two; improperly evaluated plaintiff's multiple sclerosis impairment at step three; erred in assessing plaintiff's RFC regarding mental or non-exertional limitations; and that the ALJ's hypothetical questions to the vocational expert were incomplete. Pl.'s Opening Brief, ECF # 18. I believe counsel would agree that the issues described above are commonplace in the practice of Social Security law.

Further, although counsel asserts that plaintiff's case presented certain facts which increased the risk involved in taking it, he declined to mention any in his brief, contrary to the mandate of *Crawford*: "attorney's burden . . . is to show that the fee is reasonable based on the facts of the particular case." Id. at 1153. In a case such as this, where the retroactive benefits are proportionally large compared to the time spent by the attorney, it is essential that counsel present a particularized assessment of why a large fee award is warranted. Based on the dearth of

REPORT AND RECOMMENDATION - 10

specificity in counsel's argument, I find that he has not carried his burden under *Crawford*.

Counsel should have at least attempted to relate some facts particular to this case which explain

why it was at least an average risk case, if not more risky than average, as he did in *Breedlove*.[7]

Accordingly, while the court concludes that plaintiff's council has met his burden of

demonstrating the existence of the 25% contingency-fee agreement, he has not met his burden of

addressing the *specific* risks presented in this particular case in light of the Supreme Court's

decision in *Gisbrecht* and the Ninth Circuit's opinion in *Crawford*. Counsel simply neglected to

explain with any specificity why the requested fee was reasonable given the facts in this case.

Insofar as counsel submits via the present motion that this case warrants a 21.39% fee, I find it

appropriate to further reduce the fee from the requested amount. Therefore, considering that

counsel carried his burden under the remaining *Crawford* factors, the contingency-fee award

should be reduced from the requested 21.39% to 19%. Since plaintiff's past-due Social Security

benefits were $113,914.00 (ECF # 34-1), counsel should be awarded a reasonable fee of

$31,265.26,[8] offset by the EAJA fees awarded in the initial motion (ECF # 28).

### III. Recommendation

Based on the foregoing, it is recommended that Plaintiff's Amended Unopposed Motion

for Attorney Fees Pursuant to 42 U.S.C. § 406(b) should be **GRANTED** in part and a fee of

**$31,265.26**, minus the EAJA fees of $6,331.67, should be awarded to plaintiff's attorney.

---

[7]Further, the court notes that even though counsel's fee request for 23.79% of retroactive benefits was granted, the *Breedlove* court required a picayune level of specificity. See Breedlove, 2011 WL 2531174 at *6.

[8]Although largely irrelevant for reasons explained herein, the hourly rate for this fee award works out to approximately $888.22.

REPORT AND RECOMMENDATION - 11

## IV. Scheduling Order

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by September 10, 2012. If objections are filed, any response to the objections are due by September 27, 2012. See* FED. R. CIV. P. 6, 72.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 2̲1̲ day of August 2012.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 12